**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE MIDDLE DISTRICT OF FLORIDA**
**CASE NO. 8 :23-cv-00231-MSS-CPT**

C.A.B., individually and
on behalf of R.B., a minor,

    Plaintiffs,
v.

THE FRENCH AMERICAN SCHOOL OF TAMPA BAY, LLC.

    Defendant.
_____/

## UNOPPOSED MOTION FOR ORDER AUTHORIZING SETTLMENT OF MINOR'S CLAIM AND FOR APPROVAL OF SETTLEMENT AGREEMENT WITH RESERVATION OF ANCILLARY JURISDICTION

Plaintiff, C.A.B., individually and as the natural guardian of R.B., a minor, ("Plaintiff"), by through undersigned Counsel, hereby move the Court for an Order Authorizing the Settlement of the minor's claim and for approval of the attached settlement agreement with the Court retaining and reserving ancillary jurisdiction over same. In support of the motion, states the following:

1. C.A.B is the mother and natural guardian of R.B., a minor.

2. There are no known conflicts of interests between C.A.B. and R.B. or between R.B. and any other natural guardian or court appointed guardian.

3. On February 2, 2023, Plaintiff initiated this lawsuit against Defendant [ECF # 1].

4. The Court has federal question jurisdiction because the primary claims arise under the Law of the United States: Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. and Title III of the Americans with Disabilities Act, 42 U.SC. § 12182 et seq.

5. The parties have reached and executed a settlement agreement with regards to the claims in this lawsuit and Plaintiff requests the Court to formally approve same including the settlement of the minor's claims.

6. The settlement provides for certain payments in full settlement and discharge of any and all current and potential claims the Plaintiffs have against the Defendant in this lawsuit.

7. The settlement on behalf of the minor is to be distributed upon the Court's approval of the settlement.

8. C.A.B., as the mother and natural guardian of R.B., believes this settlement agreement is reasonable, prudent, and in the best interest of the minor.

9. The settlement is for less than $50,000.00.

10. Because of the amount of the settlement, the Parties do not believe the appointment of a Guardian Ad Litem by the Court is required or necessary.

11. As such, Plaintiff requests that this Honorable Court approve the attached settlement agreement reserving ancillary jurisdiction to enforce its terms.

12. The undersigned has conferred with counsel for Defendant, who **does not** oppose the relief sought herein.

## MEMORANDUM OF LAW

Because this case arises under Federal law and is brought in Federal court, Florida law regarding the approval of a minor's settlement is not binding. *Meyers v. U.S.,* 2014 WL 5038585 at *2 (M.D. Fla. Sept. 29, 2014). Where there is no conflict between the ward and his natural parents, there is no need to appoint an guardian ad litem under Fed. R. Civ. P. 17(c). *Burke v. Smith,* 252 F.3d. 1260, 1264 (11th Cir. 2001). The only question is whether the settlement is "fair, adequate, and reasonable and is not the product of collusion between the parties. *Id.*

Here, the settlement terms are fair, adequate, reasonable, and in the minor's best interest. As such, Plaintiff requests this Honorable Court to approve the executed settlement agreement in full with the Court reserving ancillary jurisdiction to enforce the terms of the settlement agreement. *See Kokkonen v.* Guardian *Life Ins. Co. of America*, 511 U.S. 375, 380-81 (1994) ("But the only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement. The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal — either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.")

WHEREFORE, Plaintiff requests that the Court approve the attached settlement agreement with the Court reserving and retaining ancillary jurisdiction over same.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that on September 21, 2023 and September 26, 2023, the undersigned conferred with counsel for the Defendant concerning the relief sought herein via e-mail communication. Counsel for the Defendant has reviewed the instant motion and has represented that the Defendant does not oppose this motion or the relief sought herein.

Dated: September 28, 2023

*/s/ Nathan Soowal*_____
Nathan Soowal, Esq. / FL Bar No.1002633
nathansoowallaw@gmail.com
**NATHAN SOOWAL P.A.**

                            3140 NE 9th Avenue
                            Pompano Beach, Florida 33064
                            Tel.: (954) 531-4851
                            ***Counsel for Plaintiff, C.A.B., individually and on behalf of R.B., a minor***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 28, 2023, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who are not authorized to receive Notices electronically.

***/s/ Nathan Soowal, Esq.***
Nathan Soowal, Esq.

## Service List

*C.A.B. vs. The French American School of Tampa Bay, LLC*
*Case No: 8:23-cv-00231-MSS-CPT*

Michael Van Hargett, Esq.
Gunster, Yoakley & Stewart, P.A.
601 Bayshore Blvd. Suite 700
Tampa, FL 33606
813-253-2020
Email: mhargett@gunster.com