UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**C.A.B.,** individually and on behalf of
**R.B.,** a minor,

        Plaintiff,

v.                                                                Case No: 8:23-cv-231-MSS-CPT

**THE FRENCH AMERICAN
SCHOOL OF TAMPA BAY, LLC,**

        Defendant.

_____/

**ORDER**

      **THIS CAUSE** is before the Court for consideration of Plaintiff's Unopposed Motion for Order Authorizing Settlement of Minor's Claim and for Approval of Settlement Agreement. (Dkt. 13) Plaintiff C.A.B. commenced this action pursuant to the Court's federal question jurisdiction to assert federal and Florida state law claims against the French American School of Tampa Bay, LLC ("Defendant"). (Dkt. 1) Plaintiff C.A.B. is the parent of R.B., a minor child. (Id. at ¶ 5-6)

      Florida law requires court approval of all settlements involving a minor for the settlement to be effective. Reed By and Through Reed v. U.S., 91 F.2d 878, 882 n.3 (11th Cir. 1990) (citing FLA. STAT. § 744.387(3)(a)). Section 744.387(3)(a) specifically provides that "[n]o settlement after an action has been commenced by or on behalf of a ward shall be effective unless approved by the court having jurisdiction of the action." FLA. STAT. § 744.387(3)(a). The statute authorizes the Court to approve a

settlement if the Court is satisfied that the settlement will be in the best interest of the minor. Bullard v. Sharp, 407 So. 2d 1023 (Fla. 4th DCA 1981). "Accordingly, only the failure of the agreement to protect the interests of the minor constitutes a legitimate basis for refusal to approve the settlement under this statute." Reed By and Through Reed, 91 F.2d at 882 n.3 (citing Bullard, 407 So. 2d at 1024).

Upon review of the Parties' Settlement Agreement, (Dkt. 13-1), the Court is satisfied that the settlement is fair, reasonable, and in R.B.'s best interests. The settlement represents a reasonable resolution of the Parties' *bona fide* dispute concerning the implementation of an Individual Educational Plan for the High Point Elementary School in the Pinellas County School District. Under the terms of the Settlement Agreement, Defendant will pay $44,000.00 to Plaintiff C.A.B. for the benefit of R.B. no earlier than ten (10) days following the entry of the order approving its payment. (Id. at 3) Each party will pay its own fees and costs. (Id.)

The Court finds that the amounts awarded to R.B. pursuant to the Settlement Agreement are fair and reasonable in light of the Parties' dispute, and that the Agreement adequately protects R.B.'s interests.[1] The Court does however find the

---

[1] Under Florida Law, if the gross settlement amount exceeds $50,000, as it does here, the court "shall appoint a guardian ad litem to represent the minor's interest before approving [the] settlement." FLA. STAT. § 744.3025(1)(b). However, the Eleventh Circuit has held that "'[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'" Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting Roberts v. Ohio Casualty Ins. Co., 256 F.2d 35, 38 (5th Cir.1958)). The Eleventh Circuit has further held that "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether a guardian ad litem should be appointed." Burke, 252 F.3d at 1264. In Burke, the Eleventh Circuit explained that "when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." Id. The Court finds no conflict of interest exists between C.A.B. and R.B. in this matter and, thus, no guardian ad

modification provision must be severed from the settlement because such a provision "would allow the parties to circumvent the requirements of an already-approved agreement." See e.g., Gentry v. Gar Shing Realty Corp., No. 6:21-cv-45-JA-LRH, 2021 WL 2827498, at *3 (M.D. Fla. June 22, 2021) (collecting cases for the same proposition), report and recommendation adopted, No. 6:21-cv-45-JA-LRH, 2021 WL 2826092 (M.D. Fla. July 7, 2021). As such, the Court finds that the Parties' Settlement Agreement is due to be **APPROVED** with the **SEVERANCE** of the Modification provision.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Unopposed Motion for Order Authorizing Settlement of Minor's Claim and for Approval of Settlement Agreement, (Dkt. 13), is **GRANTED in PART**.

2. The modification provision of the Settlement Agreement, (Dkt. 13-1 at ¶ 13), is **SEVERED**.

3. The Settlement Agreement, (Dkt. 13-1), as amended by the Court, is **APPROVED** and shall **GOVERN** the parties' conduct in settlement of this civil action.

4. The Defendant shall disburse the Settlement Sum as set forth herein and in paragraph 3 of the Parties' Settlement Agreement.

---

litem need be appointed.

5. The Court declines the Parties' specific request to retain jurisdiction. To the extent that court intervention is necessary to resolve any dispute concerning their settlement agreement after the case is finally resolved, an independent basis for jurisdiction would have to be established in order for such dispute to be resolved in this Court. See <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of October 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party